IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) <br> ) <br> CENTENNIAL COMMUNICATIONS, INC. ) <br> ) <br> Debtor. ) <br> ) <br> _____ ) | BK. No. 81-82295/A 01-8033/ <br>          A 93-8022 |
| ESTATE OF CENTENNIAL ) <br> COMMUNICATIONS, INC., ) <br> ) <br>          Appellant, ) <br> ) <br>     v. ) <br> ) <br> MILDRED LONGTAIN, ) <br> ) <br>          Appellee. ) <br> _____ ) | Case No. 8:05-cv-256 <br><br> ORDER |

This matter is before the court on the appellee's pro se motion for an extension of time in which to respond to appellant's brief, Filing No. 13.  It appears to the court that this matter was improperly docketed, with the result that Ms. Longtain was not noticed of filings by the court.

Under the Bankruptcy Rules, an appellant is to provide the clerk of the bankruptcy court with the names and addresses of parties to the order that is the subject of the appeal, in order to enable the clerks of the bankruptcy court and the district court to comply with the notice provisions of the rules.  *See* Bankr. R. 8001(A)(2) ("[t]he notice of appeal shall . . . contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys"); Bankr. R. 8004 ("The [bankruptcy court] clerk shall serve notice of the filing of a notice of appeal by mailing a copy thereof to counsel of record of each party other than the appellant or, if a party is not represented by counsel, to the party's last known address"); Bankr. R. 8007(b) ("[w]hen the record is complete for purposes of appeal, the

clerk shall transmit a copy thereof forthwith to the clerk of the district court . . . [o]n receipt of the transmission the clerk of the district court . . . shall enter the appeal in the docket and give notice promptly to all parties to the judgment, order, or decree appealed from of the date on which the appeal was docketed").  Apparently, although appellant noted the names on its certificate of service, the names were not set out in the notice of appeal, with the result that Ms. Longtain, whose administrative claim is being challenged in the appeal, was not provided notice and the action was improperly captioned.  Accordingly, the court finds Ms. Longtain's motion for an extension of time should be granted.

IT IS HEREBY ORDERED that:

1.  Appellee Mildred Longtain's pro se motion for an extension of time is granted; appellee Longtain shall file her response to appellant's brief on or before August 15, 2005;

2.  The Clerk of Court is directed to docket the action as captioned above and to add the following as persons to be notified of proceedings and filings in this case:

> Mildred Longtain, Appellee
>
> Roger Cisneros, Esq., Interested Party
>
> Russell Vigil, Interested Party

3.  If the parties to this case believe any others should receive notice of future filings, notice of the names and address of such persons or entities should be provided to the court within five days of the date of this order.

DATED this 4th day of August, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
Joseph F. Bataillon
United States District Judge